## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**KATHLEEN RUDOLPH; BEVERLY
JENKINS; PATRICIA ANDERSON;
NANCY MITCHELL; SHARON HAGAN;
MARSHA BIGLER; BONNIE FARRIOR;
EDNA MERIDA HALL; JUDITH IVEY;
MARLA WALKER; SANDRA LEWIS;
MARY ADAIR; CAROL WOODS;
MELANIE BECKFORD; CHARLENE
FONTNEAU; TITA DE LA CRUZ; LEE
WASCHER; LINDA JONES; JOYCE
MEYER; SUSHMA PAREKH; LOURDES
SILVAGNOLI; JANET SMITH; MICHELLE
POLLOCK; VESNA POIRIER; SUSAN
BLACK; DONNA PIXLEY; PAULA LACROIX;
OLIVIA CRISAFI; and JEAN GARRETT,
Individually and on behalf of all other persons
similarly situated,**

     **Plaintiffs,**

**vs.**             **CASE NO. 5:06cv56-RS**

**DEPARTMENT OF CORRECTIONS and
STATE OF FLORIDA,**

     **Defendants.**
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS
## COUNT II OF SECOND AMENDED COMPLAINT

   Before the Court is Defendant's Motion to Dismiss Count II of Second Amended
Complaint (Doc. 17).

## FACTS

   Plaintiffs, all females, are past and present non-security employees of Defendant
Florida Department of Corrections ("DOC").  In this class action lawsuit, Plaintiffs allege
that during their employment at DOC prison facilities, they and the class were subjected
to unwelcome, severe, and pervasive sexual harassment by male inmates.  Plaintiffs
further contend that Defendant "fostered" such inmate behavior through policies,

patterns, or practices of failing to implement adequate measures to investigate and prevent the alleged harassment.  Count One of the Second Amended Complaint (Doc. 14:60) alleges violations of the Florida Human Rights Act of 1977 and Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes.  Count Two alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq (Doc.14:61.)

Defendant filed a Motion to Dismiss Count Two (Doc. 17).  Defendant contends that the allegations fail to state a claim upon which relief can be granted.  Specifically, Defendant asserts that Count Two should be dismissed because (1) the allegedly harassing conduct is the conduct of inmates who already have been assigned to close management housing for reasons of improper behavior and (2) Plaintiffs fail to identify discriminatory conduct on the part of DOC or its employees which encourages the objectionable inmate behavior.

**DISCUSSION**

**I. Standard of Review**

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); Lopez v. First Union Nat'l Bank of Florida, 129 F.3d 1186, 1189 (11th Cir. 1997); Harper v. Thomas, 988 F.2d 101, 103 (11th Cir. 1993).  Dismissal for failure to state a claim is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Pautala Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1240 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 80, 84 (1957)).  If the facts alleged in the complaint would allow recovery under any possible theory regardless of whether they would allow recovery under the particular theory pleaded, the motion must be denied.  See Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992).  The court is not required, however, to accept as true the plaintiff's conclusions of law.  See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing

Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)).  On

the contrary, the court may make its own determination of the legal issue, . . . ."  Solis-

Ramirez, 758 F.2d at 1429.  "[C]onclusory allegations, unwarranted deductions of facts

or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset

Mgmt. Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citing South Florida Water

Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996); Fernandez-Montes v. Allied

Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).  In light of this standard, the Court will

determine the sufficiency of the Second Amended Complaint.

## II.  The Sufficiency of the Complaint

The issue is whether the Second Amended Complaint alleges a viable cause of

action against the Defendant.  Although the issue has not been addressed by the

Eleventh Circuit, the Sixth Circuit in Slayton v. Ohio Dep't of Youth Servs., 206 F.3d 669

(6th Cir. 2000) assessed the viability of a Title VII claim against a prison when the

alleged harassment is caused by prisoners.  Because Slayton surveys the applicable

case law on this issue, the Court quotes Slayton:

> Although there is scant appellate case law on the question, it
> is beyond doubt that inmate conduct, without more, is an
> insufficient predicate for a hostile environment claim.  See,
> e.g., Maine v. Oklahoma Dep't of Corrections, 1997 U.S. App.
> LEXIS 26982, No. 97-6027, 1997 WL 602688, at *2 (10th Cir.
> 1997) (unpublished opinion) (holding that inmate conduct per
> se is not attributable to a prison); Powell v. Morris, 37 F. Supp.
> 2d 1011, 1017 (S.D. Ohio 1999) (noting that correctional
> employees assume attendant risks, including lewd, sexual
> behavior by inmates).  Prisoners, by definition, have breached
> prevailing societal norms in fundamentally corrosive ways.  By
> choosing to work in a prison, corrections personnel have
> acknowledged and accepted the probability that they will face
> inappropriate and socially deviant behavior.  See Powell, 37 F.
> Supp. 2d at 1017 ("Anyone who works at a prison . . . must
> expect some off-color interactions . . . . It is absurd to expect
> that a prison can actually stop all obscene comments and
> conduct from its inmates - people who have been deemed
> unsuited to live in normal society.").
>
> However, this general rule against prison liability for inmate
> conduct does not apply when the institution fails to take
> appropriate steps to remedy or prevent illegal inmate behavior.
> See Waymire v. Harris County, Tex., 86 F.3d 424, 428-29 (5th

Cir. 1996) (holding that because prison took prompt remedial action, jailer did not establish a hostile environment where a fellow jailer circulated a sexually offensive inmate drawing); Powell, 37 F. Supp. 2d at 1017 (holding that prisons may be liable for sexual harassment where they fail to take "proper preventive and remedial steps with regard to inmate behavior"); Hicks v. Alabama, 45 F. Supp. 2d 921, 933 (S.D. Ala. 1998) (holding that a prison was not liable under Title VII for hostile work environment when inmates engaged in sexually-explicit behavior, no prison employees engaged in harassment, and no other remedial avenues were available). Similarly, no authority suggests that there is an absolute bar to Title VII liability when prison personnel encourage or instigate illegal inmate behavior. Cf. L.W. v. Grubbs, 974 F.2d 119, 122 (9th Cir. 1992) (holding that where prison "independently created the opportunity for and facilitated" an inmate's assault of a prison employee, it was subject to § 1983 liability).

Id. at 677-78.

Here, the Second Amended Complaint alleges facts which, if true, may provide a basis for holding Defendant liable under Title VII. Specifically, Plaintiffs allege that Defendant has:

1) Maintained, fostered, and condoned a sexually hostile working environment for Plaintiffs and the class;

2) Discouraged and deterred Plaintiffs and the class from reporting instances of sexual harassment by inmates;

3) Failed and refused to enforce and implement adequate policies and procedures to protect Plaintiffs and the class from sexual harassment by inmates; and

4) Failed and refused to provide Plaintiffs and the class with adequate training to protect against, stop, or minimize sexual harassment by inmates.

Thus, Defendant's liability, if any, is based not on the allegedly sexually harassing behaviors of the inmates per se; rather, such liability, if any, is based on the Defendant's actions in promoting, fostering, encouraging, or deterring the reporting of such conduct or Defendant's inactions in ignoring or failing to take proper preventive or remedial steps to correct such behavior. These allegations, if true, may provide a sufficient basis for holding Defendant liable under Title VII. Regardless, the Court cannot say that "it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  Pautala Elec. Membership Corp.
v. Whitworth, 951 F.2d 1238, 1240 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S.
41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 80, 84 (1957)).  Dismissal would thus be improper.

## CONCLUSION

Defendant's Motion to Dismiss Count II of Second Amended Complaint (Doc. 17)
is **denied**.

**ORDERED** on June 28, 2006.

**/s/ Richard Smoak**
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**